IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LACY MITCHELL,

        Plaintiff,                      No. CIV S-10-1829 KJM DAD P

    vs.

WILLIAMS, et al.,

        Defendants.        <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action seeking relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1367.

        On August 19, 2011, plaintiff filed a motion for leave to amend his complaint. Therein, plaintiff explains his reason for seeking leave to amend as follows:

> The Plaintiff now askes [sic] the court to grant the plaintiff permission to amend his complaint in order to rise [sic] another defense which would cure any deficiencies in the plaintiff's complaint. The defense which the plaintiff now intents [sic] to rise [sic] are govern [sic] under the Eighth Amendment. This defense also arises from the same facts alleged in the plaintiff's original pleading . . . [ellipses in document]

(Mot. at 2-3.)

        Defendants have filed an opposition to plaintiff's motion to amend, arguing that amending the complaint would be futile since plaintiff's original complaint already alleges an

1

Eighth Amendment violation.  In addition, defendants argue that as asserted in their motion to dismiss filed June 20, 2011, plaintiff's state law claims of professional negligence and intentional infliction of emotional distress are time barred and plaintiff cannot cure that defect by amending his complaint.

>The Federal Rules of Civil Procedure provide:
>
>A party may amend its pleading once as a matter of course within:
>
>(A) 21 days after serving it, or
>
>(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e) or (f), whichever is earlier.

Fed. R. Civ. P. 15(a).  Plaintiff's motion for leave to amend was filed more than twenty-one days after defendants filed their motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Therefore, plaintiff may not file an amended complaint without the consent of the opposing party or leave of court.  <u>Id.</u> at (15)(a)(2).  "The court should freely give leave when justice so requires."  <u>Id.</u>  However, plaintiff has not provided sufficient grounds for the court to grant leave to amend.  Plaintiff does not explain what deficiencies he seeks to cure by amendment and he has already raised an Eighth Amendment medical care claim in his pending complaint.  Furthermore, defendants' motion to dismiss is not aimed at plaintiff's Eighth Amendment claim.  Therefore, plaintiff's motion will be denied.

In his motion plaintiff also asserts that he objects to defendants' motion to dismiss "based and founded in the curing of his original complaint[.]" (<u>Id.</u> at 3.)  Plaintiff, however, has not addressed the issues raised in defendants' motion to dismiss some of his claims as barred by the applicable statute of limitations.  Therefore, the court will provide plaintiff with a final

/////

/////

/////

opportunity to file an opposition to the defendants' pending motion to dismiss.[1]

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's August 19, 2011 motion for leave to amend his complaint (Doc. No. 22) is denied; and

2. Within fourteen days from the service of this order, plaintiff shall file his opposition to defendants' motion to dismiss plaintiff's fourth and fifth causes of action.

DATED: November 4, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
mitc1829.lta.den2

---

[1] If plaintiff does not wish to proceed with his state law claims which are being challenged in defendants' pending motion to dismiss as time barred, he may file a notice informing the court that he wishes to voluntarily dismiss those state law claims and proceed only on the remaining claims set forth in his complaint.