IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LACY MITCHELL,

    Plaintiff,                      No. CIV S-10-1829 KJM DAD P

    vs.

WILLIAMS, et al.,                ORDER AND

    Defendants.             FINDINGS & RECOMMENDATIONS

                                 /

          On June 20, 2011, defendants filed a motion, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss plaintiff's state law based negligence and infliction of emotional distress causes of action.[1] Despite several opportunities to do so, plaintiff has not filed any opposition to that motion.

          Local Rule 230(l) provides in part: "Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ." On April 13, 2011, plaintiff was advised of the requirements for

---

[1] In addition to the two state law claims that are the subject of the pending motion to dismiss, plaintiff's complaint presents the following constitutional claims: (1) inadequate medical care in violation of the Eighth Amendment; (2) retaliation in violation of the First Amendment, and (3) ratification and/or conspiracy to deprive plaintiff of constitutionally adequate medical care in violation of the Eighth Amendment.

1

filing an opposition to a motion to dismiss and that failure to oppose such a motion may be deemed a waiver of opposition to the motion. In addition, on July 19, 2011 and November 7, 2011, the court provided plaintiff with additional time to file his opposition to the pending motion to dismiss his state law claims. In the court's November 7, 2011 order, plaintiff was advised that if he failed to file his opposition or a statement of non-opposition, the court would deem his failure to respond to the court's order as a non-opposition to the defendants' motion to dismiss. (Doc. No. 25.) The court also advised plaintiff that the court may consider recommending the dismissal of this entire action as a sanction for plaintiff's failure to comply with the court's order.

      The court will recommend granting defendants' motion to dismiss the state law claims in light of plaintiff's continued failure to file his opposition.[2] Given plaintiff's failure to respond to court orders as noted above, the undersigned will further order that plaintiff file either a notice expressing his intention to proceed with this action on his remaining constitutional claims or a request for voluntary dismissal.[3] See Local Rule 110.

---

[2] Defendants argue that: plaintiff's state law claims are barred due to his failure to allege compliance with the pre-suit claims procedure and statute of limitations requirements of California's Government Claims Act (GCA); his negligence claim is time-barred under California law because he failed to file suit within the applicable one-year statute of limitations; and his infliction of emotional distress claim does not state a cognizable claim under state law separate from his negligence claim. Defendants' arguments in support of dismissal of these state law causes of action appear to be well-taken. See McGill v. Traquina, No. ED CV 08-2339 DOC, 2011 WL 5024502, at *5-6 (E.D. Cal. Oct. 20, 2011) (plaintiff prisoner's state law claims dismissed as barred by the GCA); Yearby v. California Department of Corrections, No. 2:07-cv-2800 JAM KJN, 2010 WL 2880180, at *5 (E.D. Cal. July 21, 2010) ("[S]tate tort claims in a federal court action pursuant to 42 U.S.C. § 1983 must allege compliance with the claim presentation requirement."); Young Han v. City of Folsom, No. 2:10-cv-0633-MCE-GGH, 2011 WL 5510810, at *15 (E.D. Cal. Nov. 9, 2011) ("A cause of action for the negligent infliction of emotional distress is not an independent tort but the tort of negligence . . . .") (citation omitted).

[3] Plaintiff is cautioned that were he to request the voluntary dismissal of this action suits brought under § 1983 in California are governed by a two-year statute of limitations. See Maldonado v. Harris, 370 F.3d 945, 954–55 (9th Cir. 2004). California prisoners, serving a term of less than for life, are entitled to two-years of statutory tolling pursuant to California Code of Civil Procedure § 352.1(a), and that statute of limitations is tolled while a prisoner completes the administrative exhaustion process. See Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005).

Accordingly, IT IS HEREBY ORDERED that within twenty-one days from the service of this order, plaintiff shall file and serve either a notice advising the court that he intends to proceed with respect to his remaining constitutional claims, or a request for voluntary dismissal. Plaintiff is advised that if he fails to respond to this order, the court will recommend that this entire action be dismissed as a sanction for his continued failure to comply with the court's orders. See Local Rule 110.

Also, IT IS HEREBY RECOMMENDED that:

1. Defendants' June 20, 2011 motion to dismiss state law claims (Doc. No. 15) be granted; and

2. The fourth and fifth causes of action of plaintiff's complaint for negligence and infliction of emotional distress be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 7, 2012.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
mitc1829.mtd