IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LACY MITCHELL,

      Plaintiff,                  No. 2:10-cv-01829 KJM DAD P

   vs.

WILLIAMS, et al.,                  ORDER

      Defendants.

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Before the court is a motion to compel the production of documents and request for attorney fees filed on behalf of defendants Williams, Bick and Andreasen. Plaintiff has filed his opposition to the motion and defendants have filed their reply.

I. Defendants' Motion to Compel

        On May 29, 2012, each defendant served plaintiff with a Request for Admissions, Interrogatories and Request for Production of Documents, Set One. (Doc. No. 34-2 (Crawford Decl.) at 1-2.) Defendants contend that plaintiff's discovery responses were received by defense counsel six days after they were due. Specifically, defendants contend that plaintiff's responses to their discovery requests were due on July 13, 2012 but that counsel did not receive plaintiff's responses until July 19, 2012. (Doc. No. 34-2, ¶ 6 at 2.) Defendants also argue that when he did

1

1  respond, plaintiff failed to produce the documents he referenced in his responses to their requests
2  for production of documents.  (Id.)  In his discovery responses, plaintiff described the documents
3  requested by defendants as his 602 inmate appeal and attached exhibits, medical records at
4  California Medical Facility (CMF), and Health Care Service Request forms.  (Id., Ex. D at 27-
5  46.)  Finally, defendants seek a sanctions award of $1,216 in attorney's fees for being required to
6  bring this motion to compel.  (Id. at 5.)

7  II.  Plaintiff's Opposition

8        Plaintiff argues that defendants' motion to compel should be found to be
9  premature because plaintiff has requested his medical records from the CMF medical records
10 department, but his request in that regard has been delayed or denied by defendants' agents.
11 (Doc. No. 35 at 1-2.)  As to the timeliness of his responses to the defendants' discovery requests,
12 plaintiff contends that on or about July 11, 2012, prior to the deadline for his responses, he
13 delivered his discovery responses to prison staff for mailing.  (Id. at 1.)  Moreover, plaintiff notes
14 that at his deposition, he informed defendants' counsel that he was having difficulty obtaining his
15 own medical records from CMF's medical records department and that as soon as he received
16 those documents, he would forward them to defense counsel.  (Id.)  Plaintiff argues that he
17 should not be sanctioned in the amount of $1,216 in attorney fees when prison officials have
18 impeded his ability to produce the requested documents in discovery.  (Id. at 2.)

19       In his declaration submitted in support of his opposition, plaintiff contends that in
20 any event the documents he would produce in response to defendants' request for production are
21 for the most part the same documents he attached to his complaint.  (Id. at 3.)   Any additional
22 documents upon which he relies are the medical records at CMF which plaintiff has been
23 attempting to obtain without success.  (Id.)

24 III.  Defendants' Reply

25       Defendants assert that plaintiff is required to produce the requested documents
26 and the fact that documents are attached to his complaint is insufficient. (Doc. No. 36 at 2.)

1  Defendants also argue that plaintiff has not offered any evidence that he has requested records
2  from prison authorities relating to his case. (<u>Id.</u> at 2-3.) Finally, defendants argue that they have
3  been prejudiced because plaintiff's failure to produce the documents he intends to rely upon to
4  prove his case, "is thwarting the moving defendants' ability to obtain documentary evidence and
5  information about potential witnesses and the plaintiff's claims, all of which are needed for their
6  defense in this action." (<u>Id.</u> at 3.) Because there is no justification for plaintiff's failure to
7  produce the documents, defendants argue, the award of attorneys' fees as a sanction is justified.
8  (<u>Id.</u> at 4.)

IV.  Discussion

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). However, in their motion to compel, defendants seek the production of documents that are already in their possession or readily available to them. Plaintiff has asserted in his responses to the defendants' discovery requests, at his deposition[1] and opposition to

---

[1] At his deposition, plaintiff testified as follows:

> Q [Defendants' Counsel]: . . . . Is it your contention that all of the documents which support your lawsuit against my clients are attached to your complaint that you filed?
>
> A [Plaintiff]: No, ma'am.
>
> Q: Okay. So what other documents are you claiming support your lawsuit against my clients?
>
> A: Well, a lot of them is in the medical records, but I've been having a problem getting the medical records.
>
> . . . .
>
> A: Everything that supports my fact and my findings and my complaint is - - I'm having a very bad problem trying to get those items. Constantly, we can't find them or - - and I'm having that type of situation right now.

3

defendants' motion that the documents he relies upon to support his claims are his inmate appeal and exhibits attached to his complaint in this action, as well as his CMF medical records and health care request forms he submitted to prison officials.  Thus, the documents and records which defendants seek have either been filed with the court and are available to defendants' counsel in that manner or are records that defense counsel clearly have the ability to obtain more easily by other means, such as the medical records from the CMF medical department.[2]

Because it appears that defendants have equal or better access to the documents and records that plaintiff has referred to in his discovery responses and because defendants have not suffered actual and substantial prejudice as a result of plaintiff's inability to produce those requested documents, the defendants' motion to compel production of documents by plaintiff and their request for an award of attorney's fees will be denied.

V.  Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that defendants' August 22, 2012 motion to compel (Doc. No. 34) is denied.

DATED: March 7, 2013.

DAD:4
mitc1829.mtc

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

---

>   Q:  When you say you can't find them, what are you talking about?
>
>   A:  I'm saying that when I - - like medical records and ask for a certain document - - a copy of certain documents, they respond they can't find them.

(Doc. No.35 (Deposition Transcript )at 6.)

[2] The court also notes that defendants have not suffered "actual and substantial prejudice" stemming from plaintiff's inability to produce the requested documents.  See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).  On November 16, 2012, defendants filed a motion for summary judgment in this action.  In response to plaintiff's opposition to that motion, defendants have asserted that plaintiff "completely failed to offer any evidence to support any of his claims."  (Doc. No. 48 at 3.)

4