UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LACY MITCHELL, | No. 2:10-cv-01829 KJM DAD P |
| Plaintiff, | |
| v. | ORDER |
| WILLIAMS, et al., | |
| Defendants. | |

Plaintiff, a former state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 15, 2013, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. On September 3, 2013, plaintiff filed a letter asking for the appointment of counsel and protesting that "the thing that was put in the summary motion [sic] is mostly lies." ECF No. 55 at 1. Neither party has filed formal objections.

The court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed *de novo*. *See Britt v. Simi Valley Unified Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Having

1

1  carefully reviewed the file, the court finds the findings and recommendations to be supported by
2  the record and by the proper analysis as to plaintiff's claims that the defendants were deliberately
3  indifferent to his serious medical needs and that defendants Bick and Andreasen retaliated against
4  plaintiff.  However, the court declines to adopt that portion of the findings and recommendations
5  granting summary judgment to defendant Williams on the retaliation claim.

6  In the findings and recommendations, the magistrate judge observed that plaintiff's
7  opposition to the motion for summary judgment was a request for the appointment of counsel
8  rather than a true opposition to the motion.  ECF No. 54 at 5.  Although the magistrate judge
9  mentioned the allegations of plaintiff's complaint, which is verified, it is not clear he treated the
10  verified complaint as a declaration in opposition to the motion.  *See Schroeder v. McDonald*,
11  55 F.3d 454, 460, nn. 10 & 11 (9th Cir. 1995) (stating that a court should consider a pro per's
12  verified complaint as an affidavit in opposition to summary judgment, so long as it is based on
13  personal knowledge and recites facts admissible in evidence).  This court has reviewed plaintiff's
14  complaint and finds it does not change the outcome of the medical care claim or the retaliation
15  claim against defendants Bick and Andreasen.

16  In the complaint, however, plaintiff avers that he told defendant Williams that he "was
17  going to seek governmental redress against her if she refused to provide him with constitutionally
18  adequate medical care . . . .  Williams threatened . . . that she would have plaintiff removed from
19  the prison hospital unit and placed within administrative segregation, if plaintiff continued with
20  his rantings." ECF No. 1 at 8.  Williams has submitted a declaration stating she does not recall
21  plaintiff saying he would file a grievance and that she "did not threaten to remove MITCHELL
22  from the G3 OHU.  MITCHELL remained in the G3 OHU until approximately November 14,
23  2007."  Decl. of DeBrina Williams, ECF No. 41-6 ¶ 10.

24  The magistrate judge did not find this dispute in the factual record to be material,
25  reasoning that "plaintiff has come forward with no evidence that an adverse action was taken
26  against him. Rather, the undisputed evidence . . . establishes that plaintiff was not removed from
27  the hospital unit following defendant Williams' alleged statement but instead remained in the
28  /////

hospital unit longer than scheduled. It is also undisputed that plaintiff was not discharged from the hospital unit until his ulcerative colitis was under control." ECF No. 54 at 12.

In the Ninth Circuit, a claim of retaliation has five factors: "(1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment right, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 566 (9th Cir. 2005). A plaintiff need not show that his speech was actually chilled because the inquiry is an objective one: would the adverse action chill or silence a person of ordinary firmness? *Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009). In addition, in *Brodheim*, the Ninth Circuit said that "the mere *threat* of harm can be an adverse action, regardless of whether it is carried out because the threat itself can have a chilling effect." *Id*. at 1270 (emphasis in original). In this case, a threat to have an ill inmate transferred out of the hospital unit is a sufficient adverse action and, as the evidence is disputed as to this element, Williams is not entitled to summary judgment on this claim.

Because certain of plaintiff's claims have survived summary judgment, and plaintiff avers he has persistent medical issues that compromise his ability to litigate his case, the court finds appointment of counsel for trial is warranted.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed August 15, 2013 are adopted in part;

2. Defendants' November 16, 2012 motion for summary judgment (ECF No. 41) is granted as to plaintiff's claims that the defendants were deliberately indifferent to his serious medical needs and that defendants Bick and Andreason retaliated against plaintiff;

3. Defendants' motion for summary judgment is denied as to the claim that defendant Williams retaliated against plaintiff;

4. Plaintiff's September 3, 2013 request for the appointment of counsel (ECF No. 55) is granted and the case is referred to Sujean Park, the court's pro bono coordinator; and

/////

/////

1          5. The parties are directed to file a joint status report within forty-five days of the date of
2  this order, proposing dates for a final pretrial conference and trial.
3  DATED: September 25, 2013.

                                                                                      _____
                                                                                      UNITED STATES DISTRICT JUDGE