1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10
11
12   LACY MITCHELL,                          No.  2:10-cv-01829 KJM DAD P

13                    Plaintiff,

14            v.                             ORDER

15   DeBRINA WILLIAMS,

16                    Defendant.

17

18          On January 23, 2013, the court conducted a final pretrial conference.  Lakeysia

19   Beene appeared for defendant, but plaintiff's counsel failed to appear.  The court issued

20   plaintiff's counsel an order to show cause, ECF No. 63, which, upon the required showing, has

21   since been discharged, ECF No. 66.  After the hearing, and good cause appearing, the court

22   makes the following findings and orders:

23   JURISDICTION/VENUE

24          Jurisdiction is predicated on 28 U.S.C. §§ 1331 and 1343.  Venue is proper as

25   the underlying events occurred in the Eastern District.  Jurisdiction and venue are not contested.

26   JURY/NON-JURY

27          Both parties request a jury.

28   /////

UNDISPUTED FACTS

 The parties have agreed to the following undisputed facts:

1. At all relative times, plaintiff was incarcerated at California Medical Facility ("CMF"), located in Vacaville, California.

2. Defendant Williams was presented as a licensed nurse practitioner at CMF.

3. In 2007, defendant Williams was assigned as the primary care provider to the G3 Outpatient Housing Unit ("OHU") at CMF.

4. Plaintiff was housed in the G3 OHU from October 11, 2006 to November 14, 2007.

5. Defendant Williams was assigned as plaintiff's primary care provider from January 2007 to November 2007.

6. At some point, plaintiff complained of bloody diarrhea to defendant Williams.

DISPUTED FACTUAL ISSUES

 The parties dispute the following factual issues:

1. Whether defendant Williams threatened to remove plaintiff from the G3 OHU and place him into administrative segregation.

2. Whether plaintiff expressed to defendant Williams that he was going to file a complaint against her if she refused to provide him with adequate medical care.

3. Whether plaintiff asked defendant Williams to take a medication other than prednisone at any time.

SPECIAL FACTUAL INFORMATION

 None.

DISPUTED EVIDENTIARY ISSUES

 Both parties anticipate filing motions in limine.

AGREED STATEMENTS

 None.

RELIEF SOUGHT

 Plaintiff requests actual, equitable and punitive damages, as well as attorneys' fees and costs.

2

Defendant requests judgment in her favor and attorneys' fees and costs, as well as any other relief the court deems just and proper.

POINTS OF LAW

The parties shall alert the court to disputes about the applicable law and legal standards.  Trial briefs addressing these points more completely shall be filed with this court no later than seven days prior to the date of trial in accordance with Local Rule 285.

ABANDONED ISSUES

None.

WITNESSES

Plaintiff anticipates calling the following witnesses:

A.  Lay Witnesses

    1.  Plaintiff Lacy Mitchell
    2.  Debrina Williams
    3.  Ron Tayson
    4.  Custodian of records
    5.  Correctional officer witness(es) to improper threats and actions taken by defendant.[1]

B.  Expert Witnesses

    1.  Expert on Proper Medical Care

        Defendant anticipates calling the following witnesses:

C.  Lay Witnesses

    1.  Plaintiff Lacy Mitchell
    2.  Debrina Williams
    3.  Ron Tayson
    4.  Custodian of records

---

[1] Plaintiff is directed to provide the name(s) of any such witness(es) to the court and opposing counsel by **March 14, 2014.**

3

5. Correctional officer witness(es) to improper threats and actions taken by defendant.[2]

EXHIBITS, SCHEDULES AND SUMMARIES

Having not identified any exhibits in the joint statement, plaintiff is directed to identify exhibits to the court and opposing counsel by **March 14, 2014**.

Defendant will present the following exhibits:

A.  Plaintiff's medical records (Bates stamped CDCR 1765–67, 1791–1800).

B.  Plaintiff's housing records.

C.  Plaintiff's response to Request for Admission No. 12.

D.  Plaintiff's response to Request for Admission No. 13.

E.  Plaintiff's response to Request for Admission No. 14.

F.  Plaintiff's response to Request for Admission No. 15.

G.  Plaintiff's response to Request for Admission No. 17.

H.  Plaintiff's July 20, 2012 deposition transcript.

The court encourages the parties to generate a joint exhibit list to the extent possible.  Joint exhibits shall be identified as JX and listed numerically (e.g., JX-1, JX-2).

All exhibits must be premarked.

The parties must prepare exhibit binders for use by the court at trial, with a side tab identifying each exhibit in accordance with the specifications above.  Each binder shall have an identification label on the front and spine.

The parties must exchange exhibits no later than twenty-eight days before trial.  Any objections to exhibits are due no later than fourteen days before trial.

A.  The court will not admit exhibits other than those identified on the exhibit lists referenced above unless:

1.  The party proffering the exhibit demonstrates the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated; or

---

[2]  Defendant is directed to provide the name(s) of any such witness(es) to the court and opposing counsel by **March 14, 2014**.

2. The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in section B, below.

B. Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits so that the court may consider their admissibility at trial. The exhibits will not be received unless the proffering party demonstrates:

1. The exhibits could not reasonably have been discovered earlier;

2. The court and the opposing parties were promptly informed of their existence; and

3. The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party. If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties.

DEPOSITION TRANSCRIPTS

Counsel must lodge the sealed original copy of any deposition transcript to be used at trial with the Clerk of the Court no later than fourteen days before trial.

FURTHER DISCOVERY OR MOTIONS

Defendant intends to file a motion to bifurcate the issue of punitive damages.

STIPULATIONS

The parties anticipate stipulating to the authenticity of medical records.

AMENDMENTS/DISMISSALS

None.

SETTLEMENT

The court's Alternative Dispute Resolution Coordinator Sujean Park is requested to contact the parties to schedule a VDRP session to be concluded by the end of **March 2014**.

/////

/////

5

1   MOTIONS IN LIMINE

2         The parties anticipate filing the following motions in limine:

3   A.  Plaintiff

4         Having failed in the joint statement to identify the subjects of any motions in

5         limine, plaintiff is directed to identify such subjects to the court and opposing

6         counsel by **March 14, 2014**.

7   B.  Defendant

8         Motion in limine to preclude plaintiff from offering testimony regarding the

9         standard of medical care he received at CMF, the appropriateness of the

10        medication prednisone and the adequacy of the treatment provided by defendant

11        Williams.

12         The court will hear these motions before trial.  **Motions are due three weeks**

13 **before the date of trial; oppositions are due two weeks before trial; replies are due one**

14 **week before trial.**  Failure to comply with Local Rule 230(c) may be deemed consent to the

15 motion, and the court may dispose of the motion summarily.  *Brydges v. Lewis*, 18 F.3d 651,

16 652–53 (9th Cir. 1994).

17         Each pretrial evidentiary ruling is made without prejudice and is subject to

18 proper renewal, in whole or in part, during trial.  If a party wishes to contest a pretrial ruling, it

19 must do so through a proper motion or objection, or otherwise forfeit appeal on such grounds.

20 *See* FED. R. EVID. 103(a); *Tennison v. Circus Circus Enters., Inc*., 244 F.3d 684, 689 (9th Cir.

21 2001) ("Where a district court makes a tentative in limine ruling excluding evidence, the

22 exclusion of that evidence may only be challenged on appeal if the aggrieved party attempts to

23 offer such evidence at trial.") (internal alteration, citation and quotation marks omitted).  In

24 addition, challenges to expert testimony under *Daubert v. Merrell Dow Pharmaceuticals, Inc*.,

25 509 U.S. 579 (1993), are denied without prejudice.  Should a party wish to renew a *Daubert*

26 challenge at trial, it should alert the court, at which point the court may grant limited voir dire

27 before such expert may be called to testify.

28 /////

JOINT STATEMENT OF THE CASE

The parties are directed to file with the court a joint statement of the case by **April 7, 2014**.

SEPARATE TRIAL OF ISSUES

Defendant requests bifurcation of the issue of punitive damages.

IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

No expert witnesses will be permitted.

ATTORNEYS' FEES

Both parties anticipate seeking attorneys' fees, but the court will resolve this issue after trial.

ESTIMATED TIME OF TRIAL/TRIAL DATE

Jury trial is scheduled for **April 14, 2014 at 1:30 p.m.** in Courtroom Three before the Honorable Kimberly J. Mueller.

Trial is projected to last two days.  The parties are directed to Judge Mueller's trial schedule outlined on the Judge's webpage contained in the "standing orders" link under the "important information" heading.

PROPOSED JURY VOIR DIRE AND PROPOSED JURY INSTRUCTIONS

The parties shall file any proposed jury voir dire seven days before trial.  Each party will be limited to ten minutes of jury voir dire.

The court directs counsel to meet and confer in an attempt to generate a joint set of jury instructions and verdicts.  The parties shall file any such joint set of instructions fourteen days before trial, identified as "Jury Instructions and Verdicts Without Objection."  To the extent the parties are unable to agree on all or some instructions and verdicts, their respective proposed instructions are due fourteen days before trial.

Counsel shall email a copy of all proposed jury instructions and verdicts, whether agreed or disputed, as a word processable document to kjmorders@caed.uscourts.gov no later than fourteen days before trial; all blanks in form instructions should be completed and all brackets removed.

7

Objections to proposed jury instructions must be filed seven days before trial; each objection shall identify the challenged instruction and shall provide a concise explanation of the basis for the objection along with citation of authority.  When applicable, the objecting party shall submit an alternative proposed instruction on the issue or identify which of his or her own proposed instructions covers the subject.

MISCELLANEOUS

Trial briefs are due seven days before trial.

OBJECTIONS TO PRETRIAL ORDER

Each party is granted fourteen days from the date of this order to file objections to the same.  If no objections are filed, the order will become final without further order of this court.

IT IS SO ORDERED.

DATED:  February 7, 2014.

_____
UNITED STATES DISTRICT JUDGE