UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LACY MITCHELL, | No.  2:10-cv-01829-KJM-DAD |
| Plaintiff, | |
| v. | FINAL JURY INSTRUCTIONS |
| WILLIAMS, et al., | |
| Defendants. | |

DATED:  May 20, 2014.

_____
UNITED STATES DISTRICT JUDGE

1

**FINAL INSTRUCTION NO. 1:**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the parties, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. You, and you alone, are the judges of the facts. You must decide what the facts are and then apply those facts to the law which I will give to you. You must follow the law as I give it to you whether you agree with it or not, and you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**FINAL INSTRUCTION NO. 2:**

You are the sole judges of the evidence in this case and it is up to you to evaluate the witnesses and other evidence.  You are to perform this duty without bias, sympathy, prejudice, or what you think public opinion might be.  You must impartially consider all the evidence in the case, following the law as stated in these instructions.

1

**FINAL INSTRUCTION NO. 3:**

2        All persons stand equal before the law, and are to be dealt with as equals in a court of

3    justice.

1

**FINAL INSTRUCTION NO. 4:**

You should not necessarily decide any issue of fact in favor of the side that brought more witnesses or evidence at trial.

The test is which evidence convinces you because it is most believable.

In deciding contested issues, you should keep in mind who has the burden of proof on that issue.

5

**FINAL INSTRUCTION NO. 5:**

The evidence in this case consists of the sworn testimony of the witnesses and all exhibits received into evidence.  In reaching your verdict, you may consider only the testimony and exhibits received into evidence.

Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)  Arguments and statements by the attorneys are not evidence.  The attorneys are not witnesses.  What the attorneys have said in their opening statements, or in their closing arguments and at other times, is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way they have stated them, your memory of them controls.

(2)  Questions and objections by the attorneys are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3)  Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

(4)  Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

6

**FINAL INSTRUCTION NO. 6:**

There are two kinds of evidence, direct and circumstantial.  A witness testifying to having actual knowledge of a fact and documents received in evidence constitute direct evidence. Circumstantial evidence is a chain of evidence from which you could find that another fact exists, even though no one directly testified as to that fact.

How much you believe evidence should not depend on whether it is direct or circumstantial, but on whether the evidence is trustworthy and reliable.  For that reason, you may find a fact has been proven by circumstantial evidence if that conclusion seems reasonable to you.

**FINAL INSTRUCTION NO. 7:**

In deciding what the facts are, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account any number of factors, which may include the following:

1.  Was the witness able to see, hear or know the things about which the witness testified?

2.  How good is the witness's memory and is the witness able to testify clearly?

3.  Was the witness's manner while testifying straightforward and convincing, or evasive and unconvincing?

4.  Did the witness have an interest in the outcome of the case or any bias or prejudice concerning anyone or anything that mattered in the case, and if so, did that interest or bias affect the testimony?

5.  How reasonable was the witness's testimony when you consider it in light of all the other evidence in the case?

6.  Was the witness's testimony contradicted by what that witness said or did at another time, or by the testimony of other believable witnesses or evidence?

7.  Has the witness been convicted of a felony? The evidence that a witness has been convicted of a crime may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

8.  Are there any other factors that bear on believability?

In deciding whether or not to believe a witness, remember that people sometimes forget things or sometimes get confused.

/////

/////

/////

/////

8

Also remember that the weight of evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**FINAL INSTRUCTION NO. 8:**

From time to time during the trial, I conferred with the attorneys out of the hearing of the jury.  Please understand that while you were waiting, we were working.  The purpose of any conferences was not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

10

**FINAL INSTRUCTION NO. 9:**

The party having the burden of proof on an issue must prove it by a "preponderance of the evidence."

Proof by a preponderance of the evidence means the evidence is more convincing and more probably true than not.  If the evidence as to any issue is evenly balanced, your finding upon that issue must be against the party who had the burden of proving it.

In determining whether an issue has been proved by a preponderance of the evidence, you should consider all the evidence having to do with that issue regardless of who produced it.

**FINAL INSTRUCTION NO. 10:**

The plaintiff brings his claim under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

**FINAL INSTRUCTION NO. 11:**

In order to prevail on his § 1983 claim against defendant Debrina Williams, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1.  The defendant acted under color of law; and

2.  The act or acts of the defendant deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that the defendant acted under color of law.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements he is required to prove under Final Instruction Number 13, your verdict should be for the plaintiff.  If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

**FINAL INSTRUCTION NO. 12:**

In order to establish that the acts of defendant Debrina Williams deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions, the plaintiff must prove by a preponderance of the evidence that the acts were so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

14

**FINAL INSTRUCTION NO. 13:**

As previously explained, the plaintiff has the burden to prove that the acts of the defendant Debrina Williams deprived the plaintiff of particular rights under the United States Constitution.  In this case, the plaintiff  alleges the defendant deprived him of his rights under the First Amendment to the Constitution when Ms. Williams allegedly threatened to remove him from the outpatient housing unit and place him into the administrative segregation unit because plaintiff stated he was going to file a grievance against her.

Under the First Amendment, a prisoner has the right to file prison grievances.  In order to prove the defendant deprived the plaintiff of this First Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1.  Plaintiff engaged in a protected conduct under the First Amendment;

2.  Defendant took an adverse action against plaintiff;

3.  Plaintiff's protected conduct was the substantial or motivating factor behind defendant's conduct;

4.  The adverse action would chill or silence a person of ordinary firmness from future First Amendment activities or the adverse action resulted in direct and tangible harm to plaintiff, and

5.  The adverse action did not reasonably advance a legitimate correctional goal.

In order to sufficiently establish that defendant took an adverse action against plaintiff, plaintiff may prove a mere threat of harm where the alleged threat had a chilling effect, regardless of whether the alleged threat was carried out.

If you find that the plaintiff has proved all five of these elements, your verdict should be for the  plaintiff.  If, on the other hand, the plaintiff has failed to prove any of these elements, your verdict should be for the defendant.

**FINAL INSTRUCTION NO. 14:**

It is the duty of the court to instruct you about the measure of damages.  By instructing you on damages, the court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages.  The plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury or loss you find was caused by the defendant.  You should consider the following:

1. The nature and extent of any injuries;

2. Any loss of enjoyment of life experienced and /or which with reasonable probability will be experienced in the future;

3. Any disability experienced and /or which with reasonable probability will be experienced in the future;

4. Any mental, physical, and emotional pain and suffering experienced and / or which with reasonable probability will be experienced in the future.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

16

**FINAL INSTRUCTION NO. 15:**

The law which applies to this case authorizes an award of nominal damages.  If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

**FINAL INSTRUCTION NO. 16:**

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct.

You may not, however, set the amount of any punitive damages in order to punish a defendant for harm to anyone other than the plaintiff.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

/////
/////
/////
/////
/////

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Punitive damages may be awarded even if you award the plaintiff only nominal, and not compensatory, damages.

**FINAL INSTRUCTION NO. 17:**

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by the notes.

**FINAL INSTRUCTION NO. 18:**

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

21

**FINAL INSTRUCTION NO. 19:**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

**FINAL INSTRUCTION NO. 20:**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.